# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| VS. | : CASE NUMBER<br>: 4:20-CR-40 (CDL) |
| SHAQUELLA SYKES | : |
| Defendant, | : |
| AND | : |
| MIAMI-DADE COUNTY | : |
| Garnishee. | : |

## ORDER DENYING GARNISHEE'S DEMAND FOR ATTORNEY'S FEES AND PAYMENT OF ONGOING ADMINISTRATIVE COSTS
## UNDER FLA. STAT. § 77.28

Upon request of Plaintiff, United States of America, the Court issued a Writ of Garnishment to Garnishee Miami-Dade County as the employer of Defendant Shaquella Sykes. Writ of Continuing Garnishment, ECF No. 7. In its Answer to the Writ of Garnishment (ECF No. 9), Garnishee demanded payment from the Clerk of Court, pursuant to Fla. Stat. § 77.28, for its attorney's fees incurred in responding to the Writ of Garnishment and its administrative costs incurred in executing the garnishment. Plaintiff responded in opposition to Garnishee's demand for payment, stating that Fla. Stat. § 77.28 is preempted by federal law and inapplicable to the United States of America as Judgment Creditor.

## DISCUSSION

In determining whether a Florida statute which provides for attorney's fees may be used to award attorney's fees against the United States, the Eleventh Circuit has concluded that Florida law did not entitle plaintiff to an award of attorney's fees against the United States because the Federal Tort Claims Act did not contain the express waiver of sovereign immunity necessary to permit a court to award such fees. *Joe v. United States*, 772 F.2d 1535, 1537 (11th Cir. 1985) (per curiam). Specifically, the Court in *Joe* held, "The doctrine of sovereign immunity bars an award of attorneys' fees against the United States unless there is *express statutory authorization* for such an award." *Id.* (emphasis added) (first citing *Fenton v. Fed. Ins. Adm'r*, 633 F.2d 1119, 1122 (5th Cir. 1981); then citing *Hernandez v. Home Sav. Ass'n of Dallas Cnty.*, 606 F.2d 596, 602 (5th Cir. 1979)). Accordingly, under federal law, attorney's fees may be awarded against the United States or its agencies *only* if such an award is specifically provided by statute. *See Fenton*, 633 F.2d at 1122 (holding that the Federal Crime Insurance Act did not authorize the assessment of attorney's fees against the United States, and therefore preempted Florida law allowing such fees).[1] Further, Rule 54 of the Federal Rules of Civil Procedure states:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. *But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law*.

Fed. R. Civ. P. 54(d) (emphasis added).

In the present case, the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*—under which the writ was issued—does not provide for attorney's fees or costs against the United States. A **Florida** statute such as § 77.28, which provides for attorney's fees to a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

garnishee, is preempted by federal law as against the United States. Accordingly, in the absence of a federal statute allowing for attorney's fees or payment of administrative costs against the United States, the garnishee is not entitled to attorney's fees or payment of administrative costs against the United States.

## **CONCLUSION**

For the reasons stated above, the Garnishee's demand for payment of attorney's fees and administrative costs is DENIED.

**SO ORDERED**, this **28th** day of **August, 2023**.

S/Clay D. Land
Clay D. Land
UNITED STATES DISTRICT JUDGE